# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdelbasset Elserwi, | Case No. 20-cv-2069 (SRN/HB) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| DHS/ICE, | |
| Defendant. | |

HILDY BOWBEER, United States Magistrate Judge

    This matter is before the Court on Abdelbasset Elserwi's letter [ECF No. 10] filed in response to the Court's January 5, 2020 Order [ECF No. 9]. On January 5, this Court granted Mr. Elserwi's application to proceed *in forma pauperis* (IFP) and directed him to file an amended complaint to remedy defects with his case. He was warned that failure to submit an amended complaint could result in dismissal of his case. The letter he filed in response to this Court's January 5 Order is written in a foreign language, so this Court is unable to understand what, if any, contributions it makes to his case. [ECF No. 10.] For reasons explained below, this Court finds it appropriate to recommend dismissal of this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Section 1915(e)(2)(B)(ii) provides that the Court may dismiss a complaint filed IFP if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead

1

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (2007). In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Elserwi's pleadings have been difficult to follow throughout this case. Initially, he filed a complaint that sought both his release from custody (habeas relief) and made allegations about the conditions of his confinement. [ECF No. 1.] This Court informed him that he could not combine claims of these types into a single suit and directed him to submit an amended pleading clarifying which of the claims he wanted to pursue. [ECF No. 6.] Mr. Elserwi did so on October 23, 2020, by filing a letter wherein he discussed only his medical issues in relation to his conditions of confinement. [ECF No. 8.] Specifically, Mr. Elserwi complained about his eyesight, his ability to breathe, chronic headaches, his kidney, his need for knee surgery, his need for shoulder surgery,

and his bladder. (*Id.* at 1–2.) He requested medical treatment and an oxygen supply. (*Id.* at 2.) The Court then granted him IFP status and warned him that in order to bring a claim for medical needs, he would need to identify who, specifically, denied him access to care. [ECF No. 9.] It allowed him an additional 30 days to file an amended complaint.

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Mr. Elserwi is attempting to do here, a complaint must allege a set of historical facts showing that the named defendants violated plaintiff's federal constitutional rights while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To establish a defendant's liability in a civil rights action, a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001). To state a claim for deliberate indifference to a serious medical need, a plaintiff must also show that he has an objectively serious medical condition, and that an individual knew of the risks posed by that condition and failed to provide appropriate care. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976); *Fourte v. Faulkner Cty., Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (describing the deliberate indifference standard).

Although some or all of Mr. Elserwi's medical needs may be serious, he has failed to state a valid claim under § 1983 because he has not identified any individual defendants who have denied him care. *See White*, 865 F.3d at 1081. Mr. Elserwi's recent written correspondence is of no help on this point because it was written in another language. Relying solely on the October 23 filing, then, the Court concludes Mr. Elserwi has not identified any individual defendants.

Mr. Elserwi named the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") as defendants, but those agencies are not subject to suit. Both DHS and ICE are agencies of the federal government, so both agencies enjoy sovereign immunity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (a civil rights action cannot be prosecuted against the United States and its agencies because of sovereign immunity); *Barrera v. U.S. Dept. of Homeland Sec.*, Case No. 07–3879 (JNE/SRN), 2009 WL 825787 *1, *3 (D. Minn. 2009) (dismissing claims against DHS and ICE because of sovereign immunity). Under § 1915(e)(2)(B)(iii), the court shall dismiss a case at any time if it determines that monetary relief is sought against a defendant who is immune from suit.

Accordingly, the Court recommends that Mr. Elserwi's complaint be dismissed without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii) and (iii). He has failed to identify those individuals who have allegedly harmed him, and the two defendants he named are immune from suit. Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** pursuant to 28 U.S.C. § 1915(e)(2)(B) that all medical claims be dismissed for failure to state a claim and all claims against DHS and ICE be dismissed because those agencies have sovereign immunity. Because no claims or parties remain, the Court also recommends that this case be closed.

Dated: March 4, 2021          *s/ Hildy Bowbeer*
                                                 Hildy Bowbeer
                                                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).